**Affirm and Opinion Filed November 16, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00985-CV**

**RODNEY MCGAFFEY, Appellant**
**V.**
**CAROLINA PROPERTIES, LLC, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-13709**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Smith
Opinion by Justice Nowell

Rodney McGaffey appeals the trial court's order denying a motion to compel

arbitration. We affirm the trial court's order.

Carolina Properties, LLC sued McGaffey and his company, Boss Exotics,

LLC. Carolina Properties alleged it agreed to buy a 2017 McLaren 570GT from Boss

Exotics for $138,000. To that end, it paid a $5,000 deposit and later paid another

$133,000 to Boss Exotics. Carolina Properties also executed a Bill of Sale:



## BILL OF SALE

| Buyer | Carolinas Properties LLC | | D.L. # | | |
|---|---|---|---|---|---|
| Address | 1401 Funny Cide Dr. | | S.S. # | | |
| City | Waxhaw | State | NC | Zip | 28173 |
| Phone # | 718.607.4595 | | Email | guntaka@gmail.com | |

| Year | 2017 | Make | Mclaren | Model | 570GT |
|---|---|---|---|---|---|
| VIN | SBM13GAA6HW002525 | Color | orange | Mileage | 9,800 |

**Wire payment instructions:**

| | | |
|---|---|---|
| Bank: | Bank of America | |
| Account name: | BOSS Exotics | |
| Wire routing #: | 026009593 | |
| Account #: | 488041934317 | |

| | |
|---|---|
| Cash price | $138,000.00 |
| Custom options | $0.00 |
| Shipping | $0.00 |
| Tax, title, license & fees | $0.00 |
| Total cost | $138,000.00 |
| Trade in credit | |
| Cash payment | |
| Check payment | |
| Wire payment | |
| Total payment | $0.00 |
| Balance due | $138,000.00 |

The seller hereby announces that this vehicle may come with the standard factory warranty if it has not expired. The buyer understands that this is a used vehicle and any faults of the vehicle for any reason are the responsibility of the buyer for any potential repairs. The buyer understands that the car comes as described in the listing on our site BossExotics.com. The seller makes no other representation, promises, guarantees, or agreements, oral or written expressed or implied, with respect to the automobile. The buyer has reviewed the Buyer's Guide and understands that the vehicle is sold as is. Any buyer who lives in the state of Texas is subject to state tax. After the taxes are paid the title will be transferred into the buyers name and we will mail you the plates at your requested address and the state will mail you or your lienholder the new title. Out of state buyers will be mailed the title after payment is recieved in full and cleared and they will be responsible for paying their own taxes in their state. If we offer shipping as a service then the buyer understands that transportation is a third party service and there is no guarantee on how long it takes for a truck to be shipped or delivered. Typically, shipping takes a week on average to deliver your vehicle to your chosen address but delivery time can vary depending on geography, weather and traffic conditions. The buyer is aware of the vehicles history as presented in the Carfax. The seller does not guarantee any information related to the Carfax, but rather Carfax is just a reference for known data of vehicle history. The buyer understands that full payment of the car is required within 7 days of execution of this bill of sale. This is a legal binding contract and if the buyer does not pay for the car in full within those 7 days then the buyer agrees to forfeit all money paid towards the car no matter how much was paid and agrees to pay a fifty thousand dollar contract buy out fee. The buyer understands that all sales are final. The buyer agrees that if any legal proceedings in relation to this transaction ever were to arise that it would have to be filed in the county of Dallas, Texas only. However, the buyer agrees that if any disputes were to arise on their behalf related to the vehicle or this contract that they agree to waive their right to file legal suit in court and instead seek arbitration which would be at their costs only and not shared by the seller. The buyer agrees to accept any legal notices to the email listed on this bill of sale as substitute service instead of registered mail or agent. The buyer agrees to a non disclosure agreement which prevents them from communicating publicly about their purchase in any manner and agrees to not slander or write negative reviews against the company if any disputes arise or buyer will pay same fee as the contract buy out amount listed above. By signing below this document also acts as an unlimited power of attorney that does not expire and includes but not limited to allowing any agent of the seller to handle any business, banking, title work, or to perform any other action necessary to fulfill this contract. The buyer understands that if any legal action is needed to enforce violations of the contract that the buyer agrees to pay for all of seller's financial losses, damages, legal fees and collection fees within 30 days of notice. This contract also supersedes and voids all other prior contracts between both parties.

| Signature of buyer: |  | Date: | Sep 8, 2020 |
|---|---|---|---|

–2–

A dispute arose between Boss Exotics and Carolina Properties about whether an accessory was included in the sales price of the vehicle. Carolina Properties alleges that, when the parties could not come to an agreement, Boss Exotics decided to "cancel the transaction" and returned $133,000 to Carolina Properties; however, Boss Exotics retained $5,000, which it deemed a non-refundable deposit.

Carolina Properties sued Boss Exotics and McGaffey for breach of contract, unjust enrichment, conversion, and violations of the Texas Deceptive Trade Practices Act. Boss Exotics and McGaffey filed a motion to compel arbitration and attached the Bill of Sale, which states in part:

> The buyer agrees that if any legal proceedings in relation to this transaction ever were to arise that it would have to be filed in the county of Dallas, Texas only. However, the buyer agrees that if any disputes were to arise on their behalf related to the vehicle or this contract that they agree to waive their right to file legal suit in court and instead seek arbitration which would be at their costs only and not shared by the seller.[1]

The trial court denied the motion. The case proceeded to a bench trial, and a final judgment was entered in favor of Carolina Properties. On appeal, McGaffey challenges the trial court's denial of the motion to compel arbitration; Boss Exotics is not a party to the appeal.

A party seeking to compel arbitration must establish two things: (1) the existence of a valid, enforceable arbitration agreement and (2) that the disputed

---

[1] All errors in original text.

claim falls within the scope of that agreement. *See Seven Hills Commercial, LLC v. Mirabal Custom Homes, Inc.*, 442 S.W.3d 706, 718 (Tex. App.—Dallas 2014, pet. denied); *see also Wagner v. Apache Corp.*, 627 S.W.3d 277, 282 (Tex. 2021). As part of this initial burden, the movant must prove either he is a party to the arbitration agreement at issue or he otherwise has the right to enforce the agreement against the nonmovant. *Alarcon Constr. Group LLC v. Santoyo*, No. 05-21-00885-CV, 2022 WL 4923461, at *2 (Tex. App.—Dallas Oct. 4, 2022, no pet. h.) (mem. op.) (citing *VSR Fin. Servs., Inc. v. McLendon*, 409 S.W.3d 817, 827 (Tex. App.—Dallas 2013, no pet.)). As a general rule, "an arbitration clause cannot be invoked by a non-party to the arbitration contract." *GT Leach Builders LLC v. Sapphire VP LP*, 458 S.W.3d 502, 524 (Tex. 2015) (quoting *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 532 (5th Cir. 2000)); *see also Santoyo*, 2022 WL 4923461, at *2 (same). Texas courts have recognized six theories that allow non-signatories to enforce arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary. *Jody James Farms, JV v. Altman Group, Inc.*, 547 S.W.3d 624, 633 (Tex. 2018).

When deciding whether the parties have agreed to arbitrate, we do not resolve doubts or indulge a presumption in favor of arbitration. *Constant v. Gillespie*, No. 05-20-00734-CV, 2022 WL 1564555, at *4 (Tex. App.—Dallas May 18, 2022, no pet.) (mem. op.). Although there is a strong presumption favoring arbitration, that presumption arises only after the party seeking to compel arbitration proves that a

valid arbitration agreement exists. *Id.* (citing *McLendon*, 409 S.W.3d at 827); *see also Seven Hills Commercial, LLC*, 442 S.W.3d at 715.

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Wagner*, 627 S.W.3d at 283. Under this standard of review, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo. *Constant*, 2022 WL 1564555, at *5 (citing *Redi-Mix, LLC v. Martinez*, No. 05-17-01347-CV, 2018 WL 3569612, at *2 (Tex. App.—Dallas July 25, 2018, no pet.) (mem. op.)). Where, as here, the trial court makes no written findings of fact or conclusions of law in support of its ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Constant*, 2022 WL 1564555, at *5 (citing *Redi-Mix, LLC*, 2018 WL 3569612, at *2).

McGaffey asserts he met his initial burden to prove the existence of a valid, enforceable arbitration agreement by providing the Bill of Sale, which contains the arbitration provision. Carolina Properties raises several arguments in response, including McGaffey is not a party to the contract and he failed to establish his entitlement to enforce the arbitration provision. We agree with Carolina Properties.

"The question is not whether [Carolina Properties] agreed to arbitration with someone, but whether a binding arbitration agreement exists between [Carolina Properties] and [McGaffey]." *Jody James Farms, JV*, 547 S.W.3d at 632. The Bill of Sale appears to be signed only by a representative of Carolina Properties and is

on the letterhead of Boss Exotics. McGaffey provides no explanation how he, as a non-signatory, could independently enforce the arbitration provision against Carolina Properties; McGaffey does not argue that any of the six theories that allow non-signatories to enforce arbitration agreements applies here. The motion to compel also did not raise any of the six theories and instead stated the Bill of Sale is a binding and enforceable contract that was signed by Carolina Properties, the document includes an arbitration provision, Carolina Properties' claims are within the scope of the arbitration provision, and Carolina Properties cannot prove a defense to arbitration. These arguments are not enough to satisfy McGaffey's burden, which "required him to show both that [Carolina Properties'] claims against him fell within the scope of the [] arbitration agreement and that he had the legal right to enforce the agreement against [Carolina Properties]. In the absence of evidence and argument establishing an exception to the general rule that non-parties cannot enforce an arbitration agreement, the trial court did not err by denying the motion to compel as to [McGaffey]." *Santoyo*, 2022 WL 4923461, at *2. We overrule McGaffey's issue.

We affirm the trial court's order denying the motion to compel arbitration.

210985f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY MCGAFFEY, Appellant

No. 05-21-00985-CV     V.

CAROLINA PROPERTIES, LLC,
Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-13709.
Opinion delivered by Justice Nowell.
Chief Justice Burns and Justice Smith
participating.

In accordance with this Court's opinion of this date, the trial court's August 20, 2021 Order Denying Defendants' Motion to Compel Arbitration is **AFFIRMED**.

It is **ORDERED** that appellee Carolina Properties, LLC recover its costs of this appeal from appellant Rodney McGaffey.

Judgment entered this 16th day of November 2022.